UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEBORAH TURNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV541 CDP |
| WAL-MART STORES EAST, LP, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Deborah Turner has filed a motion to remand this case to state court. Defendant Wal-Mart Stores East, LP removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Turner, however, argues that this case does not qualify for jurisdiction under § 1332(a) because the amount in controversy does not exceed $75,000. Because Wal-Mart has not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, it appears that remand is appropriate. However, I will postpone entering an order remanding this case to state court until plaintiff submits an appropriate stipulation establishing that she will not seek an amount greater than $75,000 after remand.

Turner filed her complaint against Wal-Mart in state court alleging that she suffered injuries to her ankle and foot when a Wal-Mart employee pushed a

shopping cart into the back of her leg. The complaint alleges that Turner's medical expenses exceed $19,000 for emergency room care, x-rays, physical therapy, prescription medications, medical services, equipment and supplies.[1] The complaint also seeks an unspecified sum for pain and suffering. In total, the demand states only that Turner seeks an amount "in excess of $25,000.00." In addition, Turner's counsel has recently submitted an affidavit swearing under oath that plaintiff seeks less that $75,000. Wal-Mart, however, alleges that Turner has consistently demanded $125,000 during settlement discussions.

Wal-Mart relies on the allegations in Turner's complaint and her settlement demand in support of its argument that the jurisdictional amount has been met in this case. Federal courts have jurisdiction over civil actions involving diverse parties only when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The removing party bears the burden of proving "by a preponderance of the evidence, that it did not appear to a legal certainty that the amount in controversy was" not satisfied at the time of removal. *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620

---

[1] Turner's complaint actually claims "$19,0000.00. [sic]" in medical expenses. This is clearly a typographical error that could refer to either $19,000 or $190,000. I have assumed for purposes of this motion that Turner claims only $19,000 for medical expenses, because Wal-Mart does not argue that Turner intended to claim $190,000 and because Turner's arguments raised in her motion would be moot, if Turner had claimed the larger amount.

F.3d 926, 932 (8th Cir. 2010). Wal-Mart has not met its burden in this case.

First, Turner's complaint does not explicitly assert a claim for more than $75,000. If the complaint on its face indicates that the amount in controversy is greater than $75,000 at the time of removal, then the amount in controversy requirement is satisfied, and federal jurisdiction is proper, even if the party opposing removal later reduces the claim below the jurisdictional amount by stipulation, affidavit, or by amendment of the pleadings. *See Peterson v. Sagebrush Resources, LLC*, 763 F. Supp. 2d 1237, 1239 (D.N.D. 2010); *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990 (E.D.Mo. 2001); 14A Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702, 48 (3d ed. Supp. 2009). However, Turner's complaint only demands "in excess of $25,000," an amount far below the jurisdictional amount required under § 1332.[2]

Similarly, the allegations contained in the complaint do not support Wal-Mart's argument that Turner's complaint reasonably seeks an amount in excess of

---

[2]Missouri's Rules of Civil Procedure do not permit a plaintiff asserting a claim in tort to demand a specific amount in damages. *See* Mo. R. Civ. P. 55.05. Instead, Missouri Rules require that "in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable." *Id.* Since the jurisdictional amount required in Missouri is less than the jurisdictional amount required under 28 U.S.C. § 1332, the state court complaint, on its face, is necessarily insufficient to demonstrate that the amount in controversy requirement has been met in this case.

the jurisdictional amount. Courts may look to the nature of the plaintiff's claims to determine if it is probable that the facts and allegations in the complaint could support a claim that exceeds the jurisdictional amount. *See Scottsdale*, 620 F.3d at 932-33. Turner's complaint alleges $19,000 in medical expenses and, although she includes a significant amount of dramatic language, the complaint essentially seeks compensation for pain and suffering resulting from bruising on Turner's leg and foot. Although it is possible that she could seek more than $56,000 for her bruised foot, without more, Wal-Mart has not shown that it is probable, based on these allegations, that the amount in controversy exceeds $75,000.

Finally, Turner's assertions during settlement negotiations do not establish the necessary amount in controversy when considered alongside Turner's affidavit. If the complaint is inconclusive, a court may consider the facts in evidence to determine whether the removing party has proven by a preponderance of the evidence that the amount in controversy had been met at the time of removal. *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (stating that "[i]t is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing," but that "[s]ubsequent events may, however, be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing."). In

other contexts, courts have recognized that assertions made during settlement negotiations may be motivated by unreliable considerations, such as posturing, or a desire for quick resolution, rather than an accurate appraisal of the merits of the claim. *See e.g.*, Fed. R. Evid. 408, notes of advisory committee on 1972 proposed rules. In contrast, courts have noted that a party may essentially "ensure that any attempt to remove [is] unsuccessful" by including a "binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand." *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). Here, Turner has sworn under oath that she seeks less than $75,000, even though she claimed to seek $125,000 when bargaining during settlement negotiations. This bargaining posture is not sufficient to establish that the jurisdictional amount has been satisfied by a preponderance, when it is not supported by the pleadings or any other evidence and it is directly rebutted by a sworn affidavit. As a result, I find that Wal-Mart has not met its burden of showing that the amount in controversy exceeded the jurisdictional requirement.

However, I will not order a remand immediately. Generally, courts require that an affidavit establishing that plaintiff seeks less than the jurisdictional amount be signed by the plaintiff. *See Powell v. Keeling*, No. 4:1CV795RWS, 2010 WL 2710500 (E.D. Mo. July 7, 2010); *Neighbors v. Muha*, No. 05-472-CV-W-GAF,

-5-

2005 WL 2346968 (W.D. Mo. Sept. 26, 2005); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 593-94 (M.D. La. 2010). In this case, only plaintiff's counsel has signed the affidavit. In order to avoid possible confusion over whether plaintiff's counsel's stipulation is binding on plaintiff after remand or if it remains binding if plaintiff should retain new counsel, I will delay entering an order of remand pending the submission of a binding affidavit, signed by plaintiff Deborah Turner, establishing that she does not seek more than $75,000 in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit within fourteen (14) days from the date of this Order a binding declaration or affidavit to this court that she will not seek, ask for or accept an amount of damages in excess of $75,000.00, exclusive of interest and costs, signed by both plaintiff and counsel for plaintiff.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2011.